UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MONICA C.,

                              **Plaintiff,**

  vs.                                                        1:21-CV-01104
                                                                        (MAD/DEP)
COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                              **Defendant.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**DENNIS KENNY LAW**                        **JOSEPHINE GOTTESMAN, ESQ.**
288 North Plank Road
Newburgh, New York 12550
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **HUGH DUN RAPPAPORT, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Monica C. commenced this action on October 8, 2021, seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB"). *See* Dkt. No. 1. In a Report and Recommendation dated December 21, 2022, Magistrate Judge Peebles recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be vacated and this matter be remanded for further proceedings. *See* Dkt. No. 19. Currently before the Court are Magistrate

Judge Peebles' Report and Recommendation and Defendant's objections thereto.

## II. BACKGROUND

Plaintiff was born on November 4, 1989, and was twenty-seven years old at her alleged onset date of disability of July 21, 2017. *See* Dkt. No. 11, Administrative Transcript ("Tr.") at 194. Plaintiff has a high school education and some specialized job training. *See id.* at 206. Plaintiff last worked as an assistant store manager in February 2017, and previously worked as a home health aide, a housekeeper, and a teacher's assistant. *See id.* at 207. Plaintiff applied for DIB payments on August 17, 2019, claiming to be disabled due to fibromyalgia, severe chronic nerve pain, irritable bowel syndrome ("IBS"), depression, a back injury, asthma, drop foot syndrome, panic disorders, post traumatic stress disorder, and herniated discs. *See id.* at 205. The application was denied and Plaintiff made a timely request for a hearing in front of an Administrative Law Judge ("ALJ").

An administrative hearing was held on October 9, 2020, before ALJ Robert Gonzalez. *See id.* at 79-100. As relevant here, Plaintiff testified that she was only able to work as an assistant teacher for a couple months because her IBS caused her to (1) "be in the bathroom for three hours" and she "wouldn't be able to get to work until two hours after" she was scheduled; and (2) need to leave work early because she would "be getting sick in the classroom" and could not "leave kids in the room by themselves." *Id.* at 89. The ALJ responded to this statement by asking Plaintiff whether her "stomach issues were the big thing that were keeping [her] ... from [INAUDIBLE 00:10] at that job?," to which Plaintiff replied, "For the most part, yes." *Id.* Plaintiff then testified that her digestive problems continued to occur on a daily basis and required her to stay close to home because she is "constantly in [the] bathroom every single hour, whether it's getting sick or just going to the bathroom." *Id.* at 94.

Plaintiff's IBS complaints are also documented in the medical records. In October 2017, during an office visit at the New Paltz Family Health Center ("FHC"), Plaintiff reported experiencing ten-to-twenty bowel movements per day with diarrhea, and that she had lost her job due to missed work and frequent bathroom use. *See id.* at 638. In November 2017, Plaintiff was seen again at the FHC, where she now reported moving her bowels five times per day with diarrhea and nausea. *See id.* at 631. The treating nurse practitioner recorded a diagnosis of IBS unspecified type. *See id.* at 632. About a year later, Plaintiff was seen at the Digestive Disease Center of the Hudson Valley ("DDC"), where she reported experiencing constipation, diarrhea, vomiting, reflux, nausea, abdominal pain that lasts hours, abdominal bloating, and excessive gas. *See id.* at 370. The treating doctor noted a past diagnosis of IBS-D. *See id.* The DDC medical notes also document an ongoing treatment regime for Plaintiff's IBS. *See id.* at 360-81. Plaintiff was still reporting these symptoms in November 2019, when she met with consultative examiner Kautilya Puri, M.D. *See id.* at 390, 393 (describing Plaintiff's complaints and diagnosing her with IBS). Plaintiff also reported her IBS and the associated symptoms (1) in her October 2019 function report, *see id.* at 223, 226-27; and (2) to two state agency physicians, *see id.* at 102, 106-07, 112, 116, 121, 126, 110-12, 121, 125-27 (finding Plaintiff's IBS to be a severe impairment but declining to assess any limitations arising from that impairment).

In a decision dated November 25, 2020, ALJ Gonzalez determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. *See id.* at 15-31. In his decision, the ALJ found the following: (1) Plaintiff had not engaged in substantial gainful activity since July 21, 2017, the alleged onset date; (2) Plaintiff's severe impairments included obesity, fibromyalgia, chronic nerve pain, depression, anxiety disorder, left peroneal neuropathy, lumbosacral degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), asthma,

and hypertensive encephalopathy; (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments; (4) Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except she could occasionally climb ramps and stairs, climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to dust, fumes, and noxious gases; can not work at unprotected heights; can understand, remember, and carry out simple work; can adapt to routine workplace changes; and can occasionally interact with supervisors, co-workers, and the general public; (5) Plaintiff was unable to perform any past relevant work; and (6) considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *See id.* at 18-30. That opinion became a final determination of the Commissioner on August 10, 2021, when the Social Security Appeals Council denied Plaintiff's request for review of the ALJ's decision. *See id.* at 1-5.

Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. The matter was referred to United States Magistrate Judge Peebles. *See* Dkt. No. 18. In his subsequent Report and Recommendation, Magistrate Judge Peebles recommended that Plaintiff's motion for judgment on the pleadings be granted; Defendant's motion for judgment on the pleadings be denied; and the Commissioner's decision be vacated and this matter be remanded for further proceedings. *See* Dkt. No. 19. The Magistrate Judge's recommendation ultimately turned on his finding that (1) the ALJ erred when he omitted any discussion or assessment of Plaintiff's IBS as a potentially severe impairment when formulating his RFC determination; and (2) that this error was not harmless because the ALJ's lack of discussion and analysis of Plaintiff's IBS made any meaningful review

4

of the ALJ's overall RFC determination impossible. *See id.* at 24-29.

Defendant has objected to the Report and Recommendation on the grounds that (1) Plaintiff bore the burden of proving any restrictions arising from her IBS and failed to "make any meaningful attempt to do so"; (2) the record contained "substantial evidence to support the ALJ's omission of IBS-related limitations from the RFC finding" in that several medical opinions declined to assess limitations arising from IBS and the ALJ "effectively adopted" those opinions; and (3) the ALJ explicitly noted Plaintiff's IBS issues at the administrative hearing and, in any event, "'an ALJ is not required to discuss every piece of evidence.'" *See* Dkt. No. 20 at 2-4. Plaintiff has not responded to the Report and Recommendation or Defendant's objections. After carefully reviewing Plaintiff's objections, the Court adopts Magistrate Judge Peebles' Report and Recommendation in its entirety for the reasons stated below.

### III. DISCUSSION

**A.    Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a claimant is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *see also Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's factual determinations are

conclusive, and it is not permitted for the courts to substitute their analysis of the evidence. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) (stating that the court "would be derelict in our duties if we simply paid lip service to this rule, while shaping [the Court's] holding to conform to our own interpretation of the evidence"). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.    Analysis**

The regulations state that an ALJ "'must determine whether the claimant has a "severe" impairment, *i.e.*, an impairment that limits [her] ability to do physical or mental work-related activities.'" *Bushey v. Berryhill*, 739 Fed. Appx. 668, 670 (2d Cir. 2018) (quoting *Greek v. Colvin*, 802 F.3d 370, 374 n.2 (2d Cir. 2015)); *see also* 20 C.F.R. §§ 404.1520(c), 404.1521. Where the claimant has multiple impairments that could be a basis for eligibility under the law,

6

the ALJ "will consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" and, where a combination of impairments is found to be medically severe, the ALJ "will consider the combined impact of the impairments throughout the disability determination process." 20 C.F.R. § 404.1523. Thus, when determining the claimant's RFC, an ALJ is required to "consider all of [the claimant's] medically determinable impairments of which [they] are aware," even those "impairments that are not 'severe.'" *Id.* § 404.1545. The failure to account for a medically determinable impairment supported by substantial evidence in the record—even a nonsevere one—when determining a claimant's RFC warrants a remand for further consideration. *See Corey S. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1112, 2022 WL 833567, *7 (N.D.N.Y. Mar. 21, 2022) (citing *Parker-Grose v. Astrue*, 462 Fed. Appx. 16, 18 (2d Cir. 2012)).

In the present case, Magistrate Judge Peebles correctly determined that the ALJ's RFC determination was not supported by substantial evidence. Plaintiff satisfied her burden at step two by presenting evidence that her IBS was potentially a medically determinable impairment with work-related functional limitations, including (1) medical records from 2017 documenting Plaintiff's report of ten-to-twenty bowel movements per day with diarrhea and that she had lost her job due in part due to frequent bathroom use, *see* Tr. at 631, 638; (2) a diagnosis of IBS from a nurse practitioner, *see id.* at 632; (3) a diagnosis of IBS from Dr. Puri, *see id.* at 390, 393; (4) medical records from Plaintiff's treatment at the DDC for IBS and related symptoms, *see id.* at 360-81; and (5) a finding by state agency physicians that Plaintiff's IBS was a severe impairment, *see id.* at 107, 121. The ALJ was clearly aware of this potential impairment, commenting during the administrative hearing that it "[s]ound[ed] like the stomach issues were the big thing that [was] keeping" Plaintiff from being able to work as an assistant teacher. *Id.* at 89. Despite the

7

record evidence and the ALJ's awareness of this issue, the ALJ's decision failed to even mention Plaintiff's IBS, let alone make a determination as to (1) whether Plaintiff's IBS was a severe impairment; and (2) how consideration of that impairment, severe or not, affected Plaintiff's RFC determination. This omission is grounds for a remand. *See Lopez v. Sec'y of Dep't of Health & Hum. Servs.*, 728 F.2d 148, 150-51 (2d Cir. 1984) ("We have remanded cases when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him [or her]") (citation omitted).[1]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Peebles' Report and Recommendation, Plaintiff's objections and the applicable law, and for the reasons stated above, the Court hereby

**ORDERS** that Magistrate Judge Peebles' December 21, 2022 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings

---

[1] Contrary to Defendant's argument's, neither (1) the ALJ's brief reference to Plaintiff's IBS during the administrative hearing, *see* Tr. at 89, nor (2) the ALJ's broad statement in the decision that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision, *see id.* at 21, 27, can serve as an adequate substitute for a written analysis setting forth the ALJ's findings with respect to these issues.

consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge